# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00596-CV

---

**The City of Houston, Appellant**

**v.**

**Texas Propane Gas Association, Appellee**

---

**FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-17-001089, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

---

## DISSENTING OPINION

I respectfully dissent because the majority's decision imposes unreasonable obstacles to associational standing.

Under the first prong of the *Hunt* test, an association has standing to sue on behalf of its members when "'its members would otherwise have standing to sue in their own right." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 447 (Tex. 1993) (adopting standard for associational standing articulated in *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 342 (1977)). The purpose of this requirement "is simply to weed out plaintiffs who try to bring cases, which could not otherwise be brought, by manufacturing allegations of standing that lack any real foundation." *New York State Club Ass'n v. City of New York*, 487 U.S. 1, 9 (1988). The Texas Supreme Court has warned that "[t]his requirement should not be interpreted to impose unreasonable obstacles to associational representation." *Id.*

With little analysis and no citation to supporting authority, the majority holds that an association asserting a preemption challenge to a regulatory scheme that undeniably relates to its members' industry "must demonstrate that at least one of its members has suffered a particularized injury, distinct from the general public, that is 'fairly traceable' to each of the City's regulations relating to the LP-Gas industry—whatever TPGA contends those are—that the requested declaration will 'redress.'" *Ante* at p. 10 (citing *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 485 (Tex. 2018) (describing general standing principals). But *Meyers* does not support such a restrictive interpretation of the first prong of the *Hunt* test—it held that an individual, not an association, lacked standing to sue because the relief requested would not remedy the individual's alleged injury. *See Meyers*, 548 S.W.3d at 487–89. More importantly, the majority's interpretation here does exactly what the supreme court has warned against and is contrary to the purpose of associational standing. *See Texas Ass'n of Bus.*, 852 S.W.2d at 447.

Applying the first prong of *Hunt* as directed by the supreme court, I would hold that TPGA has satisfied its burden of showing that its members have standing to sue in their own right. TPGA's suit asserts a preemption challenge to the City's authority to promulgate ordinances regulating the LP-gas industry. Specifically, TGPA claims that "under § 113.054, the LP-Gas Safety Rules adopted by the [Railroad] Commission preempt and supersede *any* ordinance, order, or rule adopted by a political subdivision of the state relating to any aspect or phase of the liquefied petroleum gas industry." *See* Tex. Const. art. XI, § 5 (mandating that no city ordinance "shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State"); Tex. Nat. Res. Code § 113.054 (providing that Railroad Commission rules "preempt and supersede any" local ordinance "relating to any aspect or phase of the" LP-gas industry). TPGA makes additional allegations

regarding specific City of Houston ordinances, but those allegations stem from and are resolved by TPGA's foundational claim that section 113.054 preempts all local attempts to regulate the LP-gas industry. As TPGA notes in its briefs to this Court, "Whether Houston has one such regulation or one thousand, [section] 113.054 preempts them all as a matter of law."

In support of its standing to bring this preemption claim and pursue the relief it seeks, TPGA alleges, and supports with affidavits, that it is a trade association representing a statewide membership of companies and individuals actively engaged in the LP-gas industry, and that its members have suffered adverse action and consequences as a result of the enforcement of the City's ordinances regulating the LP-gas industry. Thus, on the record before us, TPGA has satisfied the first prong of the *Hunt* test. *See Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex. 1995) (holding that association's members would have standing to sue in their own right, and thus association had standing, despite the lack of evidence showing injury to specific members because the court could "fairly assume the existence of such members" based on the nature and size of the association); *Texas Ass'n of Bus.*, 852 S.W.2d at 440 (applying first prong and holding that it was satisfied that association had not "manufactured this lawsuit" because association's members had been assessed administrative penalties pursuant to the challenged enactments and members remained at risk of penalty under same enactments). Accordingly, I would affirm the district court's order overruling the City's plea to the jurisdiction.[1]

---

[1] I agree with the majority's conclusions that none of the City's other issues merit reversal.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justice Kelly and Smith

Dissenting Opinion

Filed:   July 18, 2019